JEFFERSON LIVINGSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30142.    Promulgated February 17, 1930.

*George E. H. Goodner, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

MARQUETTE: In his return for the year 1923 the petitioner claimed and deducted as a loss sustained in that year on the sale of 4,000 shares of the preferred stock and 5,000 shares of the common stock of the T. A. Snider Preserve Co. the amount of $245,518.12. He now claims that the loss amounted to $828,890.18. The respondent denies that the petitioner sustained any loss on the sale in 1923 for the reasons (1) that the assets conveyed by the petitioner to the T. A. Snider Preserve Co. in 1920 did not at that time have the fair market value claimed by the petitioner, and (2) that the transaction in 1920 was not one giving rise to gain or loss; that the cost to the petitioner of the stock of the corporation was the cost to him of the assets he conveyed to the corporation, and that such cost is the basis for computing gain or loss on the subsequent sale of the stock.

We are of the opinion that the transaction in 1920 was one that should be recognized as giving rise to gain or loss, and that the fact that the petitioner did not report any gain therefrom in his return for 1920 does not preclude him from claiming a loss on the sale of the stock in 1923. We have heretofore held in numerous cases that where under the Revenue Act of 1918 assets were conveyed to a corporation in exchange for all of the capital stock of the corporation, the fair market value of the stock was equal to the fair market value of the assets at the date of conveyance; that gain or loss from the transaction should be measured by the difference between that fair market value and the cost or March 1, 1913, value of the assets, and that the fair market value of the assets is also the cost to the transferor of the stock received in exchange. *William Ziegler, Jr.*, 1 B. T. A. 186; *Wallis Tractor Co.*, 3 B. T. A. 981; *Napoleon B. Burge*, 4 B. T. A. 732; *William Reibert*, 7 B. T. A. 1198; *George A. Ricker*, 10 B. T. A. 11; *C. A. O'Meara*, 11 B. T. A. 101. We therefore hold that the cost to the petitioner of the shares of the capital stock of the T. A. Snider Preserve Co. received by him in 1920 was the fair market value of the assets he conveyed to the corporation, and that gain or loss from the subsequent sale of the stock should be computed on that basis. Section 202, Revenue Act of 1921.

We are satisfied from the evidence herein that the tangible assets conveyed by the petitioner to the T. A. Snider Preserve Co. in 1920 had a fair market value of $2,840,631.10, and that the petitioner also conveyed to the corporation good will which had a fair market value of at least $350,000, making a total value for the assets of $3,190,631.10. The petitioner received for those assets $100,000 in cash and the A and B stock of the corporation. The cost to the petitioner of the A and B stock was, therefore, $3,090,631.10.

In 1922 there was a reorganization of the T. A. Snider Preserve Co. in which the petitioner surrendered his A and B stock and received in exchange cash, stocks and bonds, 4,000 shares of preferred stock at $100 per share and 8,333 shares of common stock. He donated 3,333 shares of common stock to employees of the corporation, and in 1923 he sold the remainder of his holdings for $492,500. We are of opinion that he sustained a loss on that sale computed as follows:

Fair market value of assets conveyed by petitioner to the T. A.
Snider Preserve Co. in 1920_____ $3,190,631.10
Less cash received_____  100,000.00

    Cost of A and B stock to the petitioner_____  3,090,631.10
In 1922 the petitioner received in exchange for A
  and B stock—cash_____ $457,026.59
Stocks and bonds_____  743,042.42
                                                          1,200,069.01

    Leaving balance of_____  1,890,562.09

For which he received 4,000 shares of preferred stock at $100 per share_____ $400,000.00

And 8,333 shares of common stock at $178.87 per share _____ 1,490,562.09

1,890,562.09

Deduct 3,333 shares common stock donated at $178.87 per share_ $606,173.71

Balance of cost_____ 1,284,388.38

Balance of stock sold in 1923 for_____ 492,500.00

Loss_____ 791,888.38

*Judgment will be entered under Rule 50.*